IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUSTIN EMON WALLER,              :
    Petitioner,               :
                             CIVIL ACTION 14-0258-WS-M
v.                                :
                             CRIMINAL ACTION 12-00138-WS-M
UNITED STATES OF AMERICA,         :
    Respondent.               :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 42). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 42) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Justin Emon Waller. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

1

On June 1, 2012, a criminal complaint was filed against Petitioner for attempted bank robbery and possession of a firearm during a crime of violence (Doc. 1). On June 28, 2012, Waller was indicted for armed bank robbery and possession of a firearm during a crime of violence in violation of 18 U.S.C. § 2113(a) and (d) and § 924(c), respectively (Doc. 12). On August 24, Petitioner entered into a plea agreement that waived specified constitutional rights and acknowledged facts that would support the charges against him (Doc. 30); United States District Judge Steele accepted the plea (Doc. 31). On November 29, 2012, Judge Steele sentenced Waller to 37 months on the bank robbery conviction and ten years on the firearms conviction, to be served consecutively to each other, as well as five years of supervised release on both convictions, to be served concurrently, following his release from prison, and an assessment of two hundred dollars (Doc. 39). Judgment was entered on December 6, 2012 (Doc. 40). Petitioner did not appeal the conviction or sentence (Doc. 42, p. 2).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on May 28, 2014 in which he raises the following claims: (1) He is actually innocent of both charges because a single set of facts was used to charge him with both crimes; and (2) his plea was not knowingly and

2

voluntarily made because his attorneys rendered ineffective assistance (Doc. 42). Respondent filed a response on July 29, 2014 (Doc. 45) to which Petitioner replied (Doc. 47).

Before taking up Waller's claims, the Court notes that Respondent has answered the Petition, arguing that the petition should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 45, pp. 3-4). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255. The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;

3

>     (2) the date on which the impediment to
>     making a motion created by governmental
>     action in violation of the Constitution
>     or laws of the United States is
>     removed, if the movant was prevented
>     from making a motion by such
>     governmental action;
>
>     (3) the date on which the right
>     asserted was initially recognized by
>     the Supreme Court, if that right has
>     been newly recognized by the Supreme
>     Court and made retroactively applicable
>     to cases on collateral review; or
>
>     (4) the date on which the facts
>     supporting the claim or claims
>     presented could have been discovered
>     through the exercise of due diligence.

28 U.S.C. § 2255(f).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on December 20, 2012, fourteen days after Judgment was entered (Doc. 40), because Waller's time to appeal lapsed. Fed.R.App.P. 4(b)(1)(A).[1] Petitioner's Motion to Vacate was filed on May 28, 2014 (Doc. 42), so it was not filed within the one-year limitations period. Waller's Motion is barred by AEDPA.

---

[1] "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

4

Petitioner argues, however, that he is actually innocent of his convictions (Docs. 42, 47). Weller asserts that because his two convictions rely on the same set of facts—one transaction of armed bank robbery—they cannot both be upheld.

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Weller offers no new factual or testimonial evidence that would lead a jury to find him not guilty. This finding precludes this Court from finding that Petitioner is actually innocent as he fails to meet the

5

*Schlup* requirement.

The Court further notes that Weller asserts only legal—as opposed to factual—innocence. Specifically, Petitioner points to *Simpson v. United States*, 435 U.S. 6, 16 (1978), where the United States Supreme Court held that "in a prosecution out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both § 2113(d) and § 924(c)."

Respondent, however, correctly points out that the Eleventh Circuit Court of Appeals, in *United States v. Moore*, 43 F.3d 568, 573 n.4 (11th Cir. 1994), *cert. denied*, 516 U.S. 879 (1995), held that *Simpson* had been superseded by statute in the 1984 amendment of § 924(c). The Court specifically held that the Double Jeopardy Clause did not bar a Court from imposing cumulative punishments for violating § 924(c) and any other federal crime of violence on the same set of facts. *Moore*, 43 F.3d at 574 (citations omitted). Weller's argument otherwise is without merit.

In summary, the Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented. The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred. The Court further finds that Petitioner's

argument, that his "innocence" excuses him from his default, is without merit.

Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Justin Emon Waller.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Petitioner has not filed this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Weller should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

The Court further notes that when the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Inasmuch as the Court has found that Weller has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Petitioner will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 42) be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 4th day of September, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE