# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN EMON WALLER, | : |
| Petitioner, | : |
| | CIVIL ACTION NO. 17-0088-WS-MU |
| vs. | : |
| | CRIMINAL NO. 12-0138-WS-MU |
| | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

This cause is before the Court on Justin Emon Waller's ("Waller" or "Petitioner") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 63; *see also* Doc. 67 (petitioner's memorandum)), the government's response in opposition (Doc. 68), and Petitioner's reply (Doc. 69). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings, it is recommended that Waller's § 2255 motion be dismissed because it is a successive petition that does not contain a claim that relies on a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Alternatively, Waller's successive motion is due to be denied on the merits.

## BACKGROUND

On August 30, 2012, Waller entered counseled guilty pleas to attempted armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), as charged in Count 1 of the

Indictment,[1] and knowingly and unlawfully using, carrying, brandishing, and discharging a firearm during and in relation to and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), as charged in Count 2 of the Indictment. (*Compare* Doc. 31 *with* Doc. 12.) Waller was sentenced on November 29, 2012 to a total term of imprisonment of 157 months. (*See* Doc. 39 & Doc. 40, at 2.) With respect to the § 924(c) offense,

---

[1] Count 1 of the Indictment specifically charged that Waller "by force and violence and intimidation, did attempt to take from the person and presence of individuals known to the Grand Jury and identified herein as M.D. and K.S., monies belonging to, and in the care, custody, control, management and possession of Hancock Bank located at 1801 Gulf Shores Parkway, Gulf Shores, Alabama, 36542, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, the defendant, **JUSTIN EMON WALLER**, did assault and put in jeopardy the lives of M.D. and K.S. by use of a dangerous weapon, namely a firearm." (Doc. 12, at 1.) Through the Factual Resume, attached to the Plea Agreement (*see* Doc. 30), Waller admitted the following facts:

> On May 25, 2012 at approximately 8:44 a.m., as employees (two bank tellers) arrived to open the federally insured Hancock Bank, located at 1801 Gulf Shores Parkway, Gulf Shores, Alabama, 36542, Waller ran out of the bushes dressed in all black attire with a black rag covering his face and a loaded gun in hand. He confronted the tellers[,] gun in hand[,] intending to rob the bank. Waller struggled with the tellers in an attempt to gain access to the bank and was not successful, so he grabbed the purse of one teller, fired a shot from his handgun and fled. The tellers suffered minor injuries from the skirmish.
>
> Waller was apprehended about seven minutes later hiding in the wooded area behind the bank. When he was caught, recovered from him was several pairs of flex handcuffs, ammunition, a gun holster, camouflage paint, black clothing, black rag, dark bandana and black gloves. Waller told officers that the gun was "by the bridge" but officers were unable to find it at that time. After *Miranda* warnings, and a long conversation, Waller said, "I did it for my family." Basically, Waller confessed to attempting to rob the bank and to knowing the home address of the bank manager and having the license plate numbers of other employees of the bank. A short time later, Waller took officers to the location where he threw the firearm away and it was recovered.

(Doc. 30, Attached Factual Resume, at 3-4.) Count 2 of the Indictment charged that Waller "did wilfully knowingly and unlawfully use, carry, brandish and discharge a firearm, namely a pistol, during and in relation to and in furtherance of a crime of violence . . . to-wit: armed bank robbery, contrary to Title 18, United States Code, Sections 2113(a) and (d)." (Doc. 12, at 2.)

Waller received a 120-month consecutive sentence[2] to the 37-month term imposed on the attempted armed bank robbery offense. (*See id.* at 1-2.)[3]

Waller filed his first motion to vacate, in accordance with 28 U.S.C. § 2255, on May 28, 2014 (*see* Doc. 42, at 13), and that motion was dismissed as time-barred (Docs. 52-53; *see also* Doc. 48; *see* Doc. 63, at 3 (in present motion to vacate, Waller states that he "CONCEDED [HIS FIRST] MOTION WAS UNTIMELY FILED, AS GOVERNMENT RAISED IN ITS AFFIRMATIVE DEFENSE")). In the wake of the new rule of constitutional law announced in *Johnson v. United States,* 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague), made retroactively applicable to cases on collateral review by *Welch v. United States,* 578 U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 1257 (2016), Waller filed an application in the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), seeking an order authorizing this Court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, so that he could specifically assert "that his consecutive sentence for using,

---

[2] *See* 18 U.S.C. § 924(c)(1)(A)(iii) ("Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.").

[3] The record makes clear that Waller was not sentenced under the Armed Career Criminal Act ("ACCA"). (*See, e.g.,* Doc. 36, at 8 (presentence investigation report reflects a criminal history score of 0, establishing a criminal history category of I, based on no juvenile adjudications and no adult criminal convictions)).

carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), must be set aside in light of *Johnson* and *Welch*." (Doc. 60, Panel Decision, at 2; *see also id.* at 1.) The Eleventh Circuit panel granted Waller's application for leave to file a second or successive motion to vacate, specifically finding that Waller had "made a *prima facie* showing that his proposed claim meets the statutory criteria[.]" (*Id.* at 10.)

> Unlike the companion convictions in *Hines, Saint Fleur,* and *Smith,* it is unclear here whether Waller's conviction for attempted armed bank robbery qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause without regard to the § 924(c)(3)(B) residual clause. There is a strong argument that it does. Even an attempted armed bank robbery requires that the defendant attempt to take property "by force and violence, or by intimidation." *See* 18 U.S.C. § 2113(a); *United States v. Moore,* 43 F.3d 568, 572-73 (11th Cir. 1994) (concluding, in the context of the federal carjacking statute, 18 U.S.C. § 2119, that "[t]aking or attempting to take by force and violence *or by intimidation* . . . encompasses the use, attempted use, or threatened use of physical force." (emphasis added) (quotation marks and alterations omitted)); *United States v. McNeal,* 818 F.3d 141, 153 (4th Cir. 2016) (concluding in the post-*Johnson* context that a bank robbery conviction under § 2113(a) qualifies as a "crime of violence" under the § 924(c)(3)(A) use-of-force clause because (1) bank robbery "by force and violence" requires the use of physical force, (2) bank robbery "by intimidation" requires the threatened use of physical force, and (3) "[e]ither of those alternatives includes an element that is the use, attempted use, or threatened use of physical force") (quotation marks omitted). Indeed the indictment specifically charged Waller with attempting to take property from individuals "by force and violence and intimidation."
>
> On the other hand, the district court may have relied on the § 924(c)(3)(B) residual clause in classifying Waller's companion conviction as a crime of violence. Accordingly, the district court will determine, in the first instance (1) whether the rule announced in *Johnson* even applies to the § 924(c)(3)(B) residual clause and, if it does, (2) whether Waller's conviction for attempted armed bank robbery still qualified as [a] crime of violence under the § 924(c)(3)(A) use-of-force clause.

(*Id.* at 7-8.) In addition to this direction, the Eleventh Circuit panel also offered direction with respect to the § 2255(h) requirements, as follows:

> [I]t is important to note that our threshold determination that an applicant has made a *prima facie* showing that he has met the statutory criteria of § 2255(h), thus warranting our authorization to file a second or successive § 2255 motion, does not conclusively resolve that § 2255(h) requirement issue. *See Jordan,* 485 F.3d at 1357 (involving the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners). In *Jordan,* we emphasized that, once the prisoner files his authorized § 2255 motion in the district court, "the district court not only can, but must, determine for itself whether those [§ 2255(h)] requirements are met." *Id.* Notably, the statutory language of § 2244, which is cross referenced in § 2255(h), expressly provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id.* (quoting 28 U.S.C. § 2244(b)(4)). We rejected the assertion that the district court owes "some deference to a court of appeals' prima facie finding that the requirements have been met." *Id.* at 1357. We explained that, after the district court looks at the § 2255(h) requirements *de novo,* "[o]ur first hard look at whether the § [2255(h)] requirements actually have been met will come, if at all, on appeal from the district court's decision . . . ." *Id.* at 1358; *see also In re Moss,* 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that our threshold conclusion in granting a successive application that a *prima facie* showing has been made is necessarily a "limited determination," as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met, and, if so, proceed to considering the merits of the § 2255 motion). Furthermore, the Supreme Court instructed in *Welch* that even if a defendant's prior conviction was counted under the residual clause, courts can now consider whether that conviction counted under another clause of the ACCA even without the residual clause. *See Welch,* 578 U.S. at ___, 136 S.Ct, at 1268.
>
> Stated another way, this grant is a limited determination on our part, and, as we have explained before, "[t]he district court is to decide the [§ 2255(h)] issues fresh, or in the legal vernacular, *de novo.*" *Jordan,* 485 F.3d at 1358. The district court must decide whether or not the § 2255(h) "applicant has established the [§ 2255(h)] statutory requirements for filing a second of successive motion." *In re Moss,* 703 F.3d at 1303. Only then should the district court "proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise." *Id.*

(*Id.* at 8-9.)

Waller filed his second/successive motion to vacate in this Court on February 15, 2017 (*see* Doc. 63, at 12), claiming therein that his consecutive sentence for using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), must be set aside in light of *Johnson* and *Welch* (*see id.* at 4 (discussing *Johnson* and *Welch*, and specifically arguing that his "sentence was imposed under the now-unconstitutional 'residual clause' of the ACCA; therefore, my sentence was <u>imposed</u> in violation of the Constitution and laws of the United States.")). In his accompanying brief, Waller makes the following argument:

> In <u>In re Gomez</u>, . . . the [Eleventh Circuit] held that "attempt to commit [armed bank] robbery [] may not 'categorically qualify as a crime of violence for purposes of § 924(c)'s elements clause." . . . It is unclear whether Waller's conviction for attempted armed bank robbery qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause without regard to the § 924(c)(3)(B) residual clause, as his conviction was for § 924(c). The Petitioner brings to light that his 18 U.S.C. § 924(c) in Count [2] is unconstitutionally vague, and that the Court vacate, set aside, or correct his sentence due to a violation of the constitution, for the reason that the court may have relied on the § 924(c)(3)(B) residual clause in classifying Waller's companion conviction as a crime of violence.

(Doc. 67, at 2-3.) In its response in opposition, the government contends that Waller's successive motion to vacate should be denied because "*Johnson v. United States* . . . does not apply to 18 U.S.C. § 924(c)(3)(B)'s residual clause, and, even so, Waller's attempted bank robbery conviction qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause." (Doc. 68, at 1; *see also id.* at 3-4.) In reply (Doc. 69), Waller makes the following argument:

> In every Circuit Court and in the 11th Circuit Court of Appeals, it is <u>unclear</u> whether *Johnson* applies to the residual clause set out in § 924(c)(3)(B). The movant was charged to simply <u>§ 924(c)</u> without any subsection or defining clauses raised in his actual charge of his indictment. Waller is not disputing whether the § 924(c)(3)(A) use-of-force

6

clause applies, but rather due to the vagueness of his § 924(c) charge that any of the clauses set forth in the § 924(c) would apply[,] [t]hus making Waller's § 924(c) [charge] unconstitutionally vague. Due to Waller's § 924(c) charge the United States ruled in a wide range of the entire language of the [§] 924(c), and thus if the 924(c)(3)(A) "use-of-force" clause applies, then the 924(c)(3)(B) "residual clause" must also apply. Since it is an open question whether the "residual clause" applies to *Johnson*, then that open question therefore raises doubt in the movant's claim.

Whether the 924(c)(3)(A) applies is not the movant's issue or claim, since all clauses apply due to the vagueness of Waller's 924(c) charge. The movant's claim is that his 924(c) charge is unconstitutionally vague due to the fact that it charges Waller to any or all subsections or clauses, and since it does then the 924(c)(3)(B)'s "residual clause" must also apply if the 924(c)(3)(A) "use-of-force" clause[] applies. Therefore[,] since the question of whether *Johnson* applies to the 924(c)(3)(B) "residual clause" is an open question, th[en] the "residual clause" therefore raises doubt in favor of the movant's claim.

(*Id.* at 1-2.)

## CONCLUSIONS OF LAW

**A.    Waller has not met the Requirements for a Successive Petition Under § 2255(h)**.   A petitioner is entitled to file one collateral attack on his convictions and sentences, in accordance with 28 U.S.C. § 2255, and, thereafter, must obtain permission from the Eleventh Circuit Court of Appeals in order to file a "second or successive" motion. 28 U.S.C. § 2255(h). The Eleventh Circuit will authorize a second or successive § 2255 motion if the Petitioner can make a *prima facie* showing that there is:

>    (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable.

*Id.* However, even where, as here, the Eleventh Circuit authorizes a second or successive motion, this Court must determine *de novo* whether the § 2255(h) requirements are met. (*See* Doc. 60, Attached Decision, at 8-9, citing *Jordan v. Secretary, Dep't of Corrections,* 485 F.3d 1351, 1357 (11th Cir. 2007)[4]).

In this case, despite the Eleventh Circuit panel's threshold determination that Waller made a *prima facie* showing that his claim meets the statutory criteria, the undersigned recommends that the Court find that he has not met the requirements of § 2255(h). Because Waller does not present any newly discovered evidence under § 2255(h)(1) (*compare* Docs. 63 & 67 *with* Doc. 69), he obviously must meet the requirements of § 2255(h)(2) by establishing that his case presents "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). As the Eleventh Circuit has observed, "a movant has the burden of showing that he is entitled to relief in a § 2255 motion—not just a *prima facie* showing that he meets the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his *Johnson* claim." *In re Moore,* 830 F.3d 1268, 1272 (11th Cir. 2016); *see also United States v. Weeks,* 2016 WL 9185299, *1 (N.D. Ga. Dec. 14, 2016) ("[A] movant has the burden of showing that he is entitled to relief in a § 2255 motion, not just a prima facie showing that he meets

---

[4] *Compare In re Bradford,* 830 F.3d 1273, 1276 (11th Cir. 2016) ("[I]n the context of applications to file successive § 2255 motions, we have adopted *Jordan,* 485 F.3d at 1358[.]") *with In re Moore,* 830 F.3d 1268, 1271 (11th Cir. 2016) ("'[T]he district court is to decide the [§ 2255(h)] issues fresh, or in the legal vernacular, *de novo.*'").

the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his *Johnson* claim."). Waller's specific argument appears to be that his § 924(c) "charge" is unconstitutionally vague because it makes no specific reference to either § 924(c)(3)(B)—the "residual clause" or, more aptly, the "risk-of-force" clause—or § 924(c)(3)(A)—the "use-of-force" clause—such that § 924(c)(3)(B)'s "risk-of-force" clause must also apply if the § 924(c)(3)(A) "use-of-force" clause applies, thereby entitling him to relief "since the question of whether *Johnson* applies to the 924(c)(3)(B) 'residual clause' is an open question[.]" (Doc. 69, at 1-2; *compare id. with* Doc. 67, at 2-3.) This argument, however, does not serve Waller well because it remains just that, an argument. Waller has made no showing, nor can he, that he is entitled to relief on his purported *Johnson* claim.

As alluded to earlier, in *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), is unconstitutionally vague because it creates "uncertainty about how to estimate the risk posed by a crime[]" and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" 135 S.Ct. at 2557 & 2558; *see also id.* at 2563, an admittedly new rule of constitutional law made retroactively applicable to cases on collateral review by the Supreme Court in *Welch, supra*. In this case, Waller certainly was not sentenced under the ACCA, as he had no criminal history prior to his guilty pleas to the contemporaneous predicate federal crimes charged in the instant indictment. (*See* Doc. 36, at ¶¶ 34-36 (reflecting no juvenile adjudications and no adult convictions, thereby rendering a total criminal history score of zero and a criminal history category of I)). Rather, Waller was convicted of violating 18 U.S. C. § 924(c)

(*compare, e.g.,* Doc. 40 (plea of guilty to Counts 1 and 2 of the Indictment) *with* Doc. 12 ((Count 2 of the Indictment specifically charging Waller with knowingly and unlawfully using, carrying, brandishing, and discharging a firearm during and in relation to and in furtherance of a crime of violence, that is, attempted armed bank robbery as alleged in Count 1)), and sentenced in accordance with § 924(c)(1)(A). "Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during an[d] in relation to a crime of violence or [a] drug trafficking crime, or possesses a firearm in furtherance of such crimes." *Nelson v. United States,* 2017 WL 1197846, * 3 (S.D. Ga. Mar. 7, 2017), *report and recommendation adopted,* 2017 WL 1172111 (S.D. Ga. Mar. 29, 2017). For purposes of § 924(c), "crime of violence" is defined as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B). Accordingly, in order for Waller to demonstrate that his proposed claim meets the statutory criteria of § 2255(h), he must establish that the void-for-vagueness holding in *Johnson* applies to or invalidates § 924(c)(3)(B).

Here, as referenced earlier, Petitioner has not established that the void-for-vagueness holding in *Johnson* applies to or invalidates § 924(c)(3)(B), only arguing that this issue remains an "open question" (*see, e.g.,* Doc. 69, at 2); therefore, this Court could simply dismiss or deny the instant successive petition on the basis that Waller has not met the statutory criteria of § 2255(h), *see, e.g., Weeks, supra,* at *1.

However, this Court need not be so perfunctory given that it is no longer an open question in this Circuit whether *Johnson* applies to the § 924(c)(3)(B) "residual," or (more aptly) "risk-of-force" clause. A panel of the Eleventh Circuit Court of Appeals recently agreed with decisions by the Second, Sixth, and Eighth Circuits, *see United States v. Prickett,* 839 F.3d 697, 699-700 (8th Cir. 2016); *United States v. Hill,* 832 F.3d 135, 145-49 (2d Cir. 2016); *United States v. Taylor,* 814 F.3d 340, 375-79 (6th Cir. 2016), and held "that Johnson's void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)." *Ovalles v. United States,* 861 F.3d 1257, 1265 (11th Cir. 2017).

> [W]e agree with the reasoning of those circuits but add these observations.
>
> Notably, § 924(c) has a very different function than the ACCA. The ACCA identifies "previous convictions" for the purpose of applying a recidivist sentencing enhancement to a defendant felon who later possesses a firearm in violation of 18 U.S.C. § 922(g). See 18 U.S.C. § 924(e)(1). There is no required nexus between the conduct in the felon's prior violent felony conviction and that felon's instant firearm-possession offense. Id. §§ 922(g), 924(e)(1). On the other hand, § 924(c) creates a new and distinct offense for a person who, "during and in relation to any crime of violence or drug trafficking crime, . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm." Id. § 924(c)(1)(A). Section 924(c)(1)(A) narrows the type of federal felony offenses that might serve as underlying predicate offenses to ones where the instant firearm was used or carried or where the firearm was possessed in furtherance of that underlying predicate crime. Section 924(c) is not concerned with recidivism, but rather with whether the instant firearm was used "during and in relation to" the predicate crime of violence (or drug trafficking offense) or possessed in furtherance of such predicate offenses. See id. § 924(c)(1)(A)(ii)-(iii). The required "nexus" between the § 924(c) firearm offense and the predicate crime of violence makes the crime of violence determination more precise and more predictable.
>
> Further, in its conclusion that the ACCA's residual clause "produce[d] more unpredictability and arbitrariness than the Due Process Clause

tolerates," the Supreme Court in Johnson emphasized its own "repeated" inability "to craft a principled and objective standard" for analyzing the ACCA's residual clause. Johnson, 576 U.S. at ___, 135 S.Ct. at 2558-59 (noting that Johnson was the Supreme Court's "fifth [case] about the meaning of the residual clause" and opened yet another "front of uncertainty"). That factor is missing here.

That the crime-of-violence definition in § 924(c)(3)(B) has not produced interpretive challenges (at least not before Johnson's arrival) is no accident. It is the direct product not only of the nexus between the § 924(c) firearm offense and the predicate crime of violence, but also of the distinctive textual features of § 924(c)(3)(B) that sharpen its focus and make its application more predictable. Three textual features of § 924(c) make the analysis substantially more precise, predictable, and judicially administrable. First, Congress tailored the statutory standard to the risk that "physical force" against person or property will be "used" in the course of committing the offense, which describes more concrete conduct than the ACCA's reference to any offense conduct that could present a "potential" risk of "physical injury." See 18 U.S.C. § 924(c)(3)(B) (emphasis added). The "use" of "physical force" against the person or property of another is a significantly more specific and focused requirement than the ACCA's general risk-of-injury requirement. Section 924(c) trains solely on whether the defendant [him]self might engage in a certain type of behavior—using or threatening physical force—in the course of committing the offense, not whether [his] actions may produce a potential risk of physical injury in a more tangential or attenuated way.

Second, § 924(c)(3)(B) requires the risk to arise in "the course of committing the offense" and therefore excludes risks arising after the offense is completed—the aspect of the residual clause's risk analysis that Johnson characterized as "[c]ritical[]" to its vagueness holding. 576 U.S. at ___, 135 S.Ct. at 2557. That textual limitation serves in part as a temporal restriction on the scope of the risk analysis.

Third, Congress did not include a confusing list of exemplar crimes, and so freed courts from having to conduct the analysis by reconciling the different risks entailed in the listed offenses. Section 924(c)(3)(B) is not plagued by the same contradictory and opaque indications as the ACCA's residual clause on "how much risk" is necessary to satisfy the statute, because the phrase "substantial risk" is not preceded by a "confusing list of examples." Id. at ___, 135 S.Ct. at 2558, 2561. Combined with the textual distinctions discussed by the other circuits, these distinctive features of § 924(c)(3)(B) further make it materially different from the residual clause in § 924(e).

> We agree with the above Second, Sixth, and Eighth Circuits' decisions
> and hold that Johnson does not apply to, or invalidate, the "risk-of-force"
> clause in § 924(c)(3)(B).

*Id.* at 1265-66. Stated more succinctly, the Eleventh Circuit concluded that § 924(c)(3)(B) determinations do not suffer from the uncertainties identified by the Supreme Court in § 924(e) cases in *Johnson* because "in § 924(c)(3)(B) cases, the required substantial nexus between the § 924(c) firearm offense and the contemporaneous federal predicate crime of violence makes the crime of violence determination more precise, predictable, and judicially administrable." *Id.* at 1267.

Because the Supreme Court's void-for-vagueness ruling does not extend to the "risk-of-force" clause in § 924(c)(3)(B), and that clause remains valid, *compare id. with id.* at 1265 & 1266, the undersigned **RECOMMENDS** that the Court **DISMISS** the instant successive petition due to Waller's inability to establish the statutory requirements of § 2255(h)(2). In other words, Waller has not shown (and cannot show in light of *Ovalles*) that his motion contains a claim based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).[5]

---

[5] Indeed, because Waller's claim is wholly dependent on the invalidity of the "risk-of-force" clause in § 924(c)(3)(B), Petitioner never suggesting that his attempted armed bank robbery offense in Count 1 would not qualify as a crime of violence under the "risk-of-force" clause in § 924(c)(3)(B) if that clause is constitutionally valid or under the "use of force" clause in § 924(c)(3)(A) (*see, e.g.,* Doc. 69, at 2 ("Whether the 924(c)(3)(A) applies is not the movant's issue or claim, since all clauses apply due to the vagueness of Waller's 924(c) charge. The movant's claim is that his 924(c) charge is unconstitutionally vague due to the fact that it charges Waller to any or all subsections or clauses, and since it does then the 924(c)(3)(B) 'residual clause' must also apply if the 924(c)(3)(A) 'use-of-force' clause[] applies.")), his motion is also due to be denied on the merits because, in the wake of *Ovalles*, *supra*, Waller's attempted armed bank robbery offense qualifies as a crime of violence under § 924(c)(3)(B), *see id.* at 1267. And while the undersigned could "stop" all analysis at this point (*see* Doc. 60, (Continued)

13

Attached Opinion, at 8 (instructing this Court that it need consider "whether Waller's conviction for attempted armed bank robbery still qualifie[s] as a crime of violence under the § 924(c)(3)(A) use-of-force clause[]" only *if* it determines, in the first instance, that the rule announced in *Johnson* applies to the § 924(c)(3)(B) "risk-of-force" clause)), it is clear that even if the void-for-vagueness ruling in *Johnson* applies to § 924(c)(3)(B), Waller's successive § 2255 motion still fails because his attempted armed bank robbery offense constitutes a crime of violence under § 924(c)(3)(A)'s "use of force" clause.

It is clear that "a person commits armed bank robbery by 'assault[ing] any person, or put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device' while committing or attempting to commit bank robbery[,] 18 U.S.C. § 2113(d)[,]" bank robbery occurring "when, 'by force and violence, or by intimidation, [a defendant] takes, or attempts to take, from the person or presence of another . . . money or any other thing of value belonging to' a bank, or by entering [or attempting to enter] a bank with the intent to do the aforementioned[,] 18 U.S.C. § 2113(a)." *United States v. Hector,* 611 Fed.Appx. 632, 637 (11th Cir. Jul. 6, 2015), *cert. denied,* 136 S.Ct. 1505, 194 L.Ed.2d 595 (2016). "In order to convict a defendant [of] armed bank robbery, the government must prove beyond a reasonable doubt that he (1) took [or attempted to take] money or property (2) belonging to a bank (3) from the person or presence of another (4) by force and violence or by intimidation. Section 2113(d) further requires proof beyond a reasonable doubt that the defendant put a person's life in jeopardy by using a dangerous weapon or that he assaulted a person during commission of the bank robbery [or attempted bank robbery]." *United States v. Andrews,* 333 Fed.Appx. 437, 438 (11th Cir. Jun. 4, 2009) (citations omitted). There can be little question but that "[t]o prove an 'attempt,' the government must show the defendant (1) had the intent to commit the underlying offense, and (2) took a substantial step toward the commission of the offense." *Ovalles, supra,* 861 F.3d at 1268, citing *United States v. Jockish,* 857 F.3d 1122, 1129 (11th Cir. 2017). It is also clear that attempted armed bank robbery requires "that the defendant have intended to take another person's property through force or violence [or by intimidation]." *United States v. Durham,* 554 Fed.Appx. 901, 903 (11th Cir. Feb. 11, 2014) (citations omitted).

In the context of a successive § 2255 application, the Eleventh Circuit has already held that an armed bank robbery offense under § 2113(a) and (d) "meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'" *In re Hines,* 824 F.3d 1334, 1337 (11th Cir. 2016) (footnote omitted). In other words, the statutory requirements of § 2113(a) and (d) "meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.*, quoting 18 U.S.C. § 924(c)(3)(A); *see also In re Sams,* 830 F.3d 1234, 1238 (11th Cir. 2016) ("We have concluded that an armed bank robbery conviction pursuant to § 2113(a) and (d) qualifies as a crime of violence because it requires as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another,' as set out in § 924(c)(3)(A)."). "Furthermore, attempted or threatened force against either 'the person or property of another' satisfies that elements requirement in § 924(c)(3)(A)." *Ovalles, supra,* 861 F.3d at 1268.

(Continued)

14

**B.     Certificate of Appealability.**  While the Eleventh Circuit panel that authorized the filing of the instant successive § 2255 motion certainly anticipates a possible appeal (*see* Doc. 60, Attached Opinion, at 9 & 11), the undersigned

---

Given the close affinity between the armed bank robbery statute and the carjacking statute (*see* Doc. 60, Attached Opinion, at 7 (citing to carjacking case which concluded "in the context of the carjacking statute, 18 U.S.C. § 2119, that '[t]aking or attempting to take by force and violence *or by intimidation* . . . encompasses the use, attempted use, or threatened use of physical force.'")), the undersigned similarly concludes, as the Eleventh Circuit did in the attempted carjacking case of *Ovalles*, that attempted armed bank robbery by "force and violence" (as proscribed in § 2113(a) and (d)) "is readily recognized as a crime of violence under § 924(c)(3)(A)." 861 F.3d at 1268. Indeed, in *United States v. Armour,* 840 F.3d 904 (7th Cir. 2016), an attempted armed bank robbery case, the defendant made no argument that robbery "by force or violence" did not qualify as a crime of violence, only that robbery by "intimidation" did not qualify as a crime of violence. *See id.* at 908. Moreover, based on the Seventh Circuit's analysis in *Armour, see id.* at 908-09; *see also McFarland v. United States,* 2017 WL 810267, *7 (C.D. Cal. Mar. 1, 2017) (finding that § 2113(a) and (d) categorically qualifies as a crime of violence under § 924(c)(3)(A)), a similar analysis by the Eleventh Circuit in *Ovalles* regarding the carjacking statute, the holding in *In re Hines, supra,* the holding in *In re Sams, supra,* 830 F.3d at 1239 ("We agree with the Fourth Circuit's reasoning and hold now that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause."), the holdings in *United States v. Jenkins,* 651 Fed.Appx. 920, 925 (11th Cir. Jun. 3, 2016) (attempted bank robbery, under § 2113(a), even when perpetuated by means of intimidation, is an enumerated offense that qualifies as a crime of violence under § 4B1.2(a) of the sentencing guidelines and, further, that a § 2113(a) offense qualifies as a crime of violence under § 4B1.2(a)'s elements clause), and recognition in the Eleventh Circuit that "'intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts[,]'" *United States v. Horsting,* 678 Fed.Appx. 947, 949 (11th Cir. Feb. 3, 2017) (citation omitted), the undersigned recommends that the Court conclude that attempted armed bank robbery by "intimidation" qualifies as a crime of violence under § 924(c)(3)(A), given that the undersigned "can conceive of no plausible means by which a defendant could commit the crime of attempted [armed bank robbery] absent an attempted or threatened use of force against either a person or property." *Ovalles, supra,* 861 F.3d at 1269.

In light of the foregoing, the undersigned **RECOMMENDS** that the Court find that attempted armed bank robbery, in accordance with § 211(a) and (d), categorically qualifies as a crime of violence under § 924(c)(3)(A). Therefore, the Court should alternatively **DENY** Waller's successive § 2255 motion on its merits.

recommends that a certificate of appealability in this case be denied. *See* 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). In light of the Eleventh Circuit's decision in *Ovalles, supra,* the undersigned finds that reasonable jurists could not debate whether Waller's motion should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Waller's successive § 2255 motion to vacate (Doc. 63) be **DISMISSED** due to his inability to establish the statutory requirements of § 2255(h)(2), in that he has not shown that his motion contains a claim based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In addition, the undersigned also recommends that the Court alternatively find that Waller's identified claim has no merit. Waller is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of August, 2017.

                    s/P. BRADLEY MURRAY
                    **UNITED STATES MAGISTRATE JUDGE**